

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,123-03

## EX PARTE KIP LEE BENTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 29901CR-C
### IN THE 40TH DISTRICT COURT FROM ELLIS COUNTY

*Per curiam.* KELLER, P.J. filed a dissenting opinion, in which SLAUGHTER, J. joined section C only. YEARY, J. filed a dissenting opinion. KEEL, J. dissents.

## O P I N I O N

Applicant pleaded not guilty and was convicted by a jury of two counts of the aggravated sexual assault of a disabled individual. He was sentenced to sixty years' imprisonment for each count. The Tenth Court of Appeals affirmed his conviction. *Benton v. State*, 237 S.W. 3d 400 (Tex. App.—Waco 2007, pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his convictions were based on a law which was not effective until after the alleged offenses occurred. TEX. PENAL CODE §22.021. Applicant was convicted of the

offense of aggravated sexual assault of a disabled person that allegedly occurred on June 15, 2003 and July 15, 2003. The statute making the sexual assault of a disabled person a first degree aggravated sexual assault under the Texas Penal Code was not effective until September 1, 2003. TEX. PENAL CODE 22.021(a)(2)(C). The actions allegedly committed by Applicant in June and July of 2003 did not constitute the offense of aggravated sexual assault at the time, therefore the judgments in these counts are void.

Relief is granted. The judgments in cause number 29901CR, counts one and three, in the 40th District Court of Ellis County are set aside, and Applicant is remanded to the custody of the Sheriff of Ellis County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 25, 2022
Do not publish